UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOAQUIN FOY,                                    Case No. 15-CV-1901 (JNE/LIB)

       Petitioner,

v.                                              REPORT AND RECOMMENDATION

U.S. GOVERNMENT; WARDEN B.R.
JETT; and NEW WORLD ORDER

       Respondents.

---

    This matter is before the undersigned United States Magistrate Judge on petitioner

Joaquin Foy's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241.  *See* ECF

No. 1.  The petition has been referred to this Court for report and recommendation pursuant to 28

U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Foy's

habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts.[1]  Based on that review, this Court recommends dismissal of this action.

    Foy "was committed to the custody of the Attorney General, pursuant to 18 U.S.C.

§ 4246, by the United States District Court for the Western District of Missouri in 1999, and

again on September 13, 2007."  *Foy v. Anderson,* Case No. 09-3085-CV-S-RED-H, 2009

WL 4057145, at *1 (W.D. Mo. Nov. 23, 2009).  Section 4246 allows for the civil commitment of

a person in the custody of the Federal Bureau of Prisons whose custody is otherwise soon

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although Foy seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here.  *See* Rule 1(b).

scheduled to expire, but who suffers "from a mental disease or defect as a result of which his release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a).  Foy is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").  On April 9, 2015, Foy filed a petition for a writ of habeas corpus under § 2241 in this District.[2]  That petition is now under consideration by this Court.

Foy's petition for habeas corpus relief is, to say the least, difficult to follow.  A good deal of the petition and accompanying documents consist of photocopies of books or magazine articles, none of which appears relevant to any possible claims under § 2241.  Much of the remainder, assumedly written by Foy himself, is nearly incomprehensible.  That said, it is clear that Foy regards his continuing commitment at FMC-Rochester as illegal.

Foy's petition can fairly be interpreted as raising two claims against his ongoing civil detention.[3]  The first claim raised by Foy is that the civil-commitment procedures set forth in 18 U.S.C. §§ 4246 and 4247 are *per se* unconstitutional     that is, Foy claims that no court ever had the lawful authority to commit him to the custody of the United States Attorney's Office, and that

---

[2]Foy filed a substantively similar habeas petition in this District in December 2014.  *See Foy v. Jett*, No. 14-CV-5063 (JNE/LIB) (D. Minn. filed Dec. 22, 2014).  That habeas petition was denied, and the action dismissed, on February 3, 2015.  Foy did not appeal that dismissal.

[3]It does not appear that Foy is challenging the *conditions* of his confinement at FMC-Rochester, only the fact that he *is* confined.  To the extent that he is attempting to raise conditions-of-confinement claims, such claims are not cognizable in a habeas petition, but must instead be brought in a civil-rights action.  *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996); *Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010).  If Foy is in fact attempting to plead conditions-of-confinement claims in his habeas petition, those claims are simply too incomprehensible to entitle him to relief, and this Court would therefore recommend that any such claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

his civil commitment therefore has been illegal from the very beginning.  This claim, however, is squarely foreclosed by the case law of this circuit.  *See Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citing *Phelps v. United States*, 831 F.2d 897, 898 (9th Cir. 1987)).  "The statutory procedure and substantive standard [for civil commitment] are clearly constitutional." *Id*.

The second claim suggested by Foy's petition is that, even if the *initial* decision to detain him was lawful, there is no lawful basis to *continue* detaining him at FMC-Rochester.  The writ of habeas corpus, however, "is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)).  The statutes under which Foy was committed provide a procedure for a person in Foy's situation to seek release from their detention.  Specifically, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . ."  18 U.S.C. § 4247(h).  This alternative statutory remedy is available to Foy and therefore precludes habeas relief in this case.[4]  *See Archuleta*, 365 F.3d at 648-49.

Finally, the Eighth Circuit has, in similar circumstances, described as "permissible and appropriate" the transferring of a habeas petition to the district in which a motion under § 4247(h) must be brought.  *See Archuleta*, 365 F.3d at 649.  Nevertheless, this Court

---

[4]Foy, acting through counsel, moved as recently as September 2014 in the Western District of Missouri under § 4247(h) for release from his continuing civil detention.  *See United States v. Foy*, No. 6:05-cv-03590-MDH (W.D. Mo. filed Dec. 21, 2005).  That motion was denied on October 21, 2014.  *Id*.

recommends dismissal, rather than transfer, of Foy's habeas petition.  Foy is a serial litigant in the Western District of Missouri, and countless efforts by Foy to secure his release from civil detention have been denied by that court over the years.  *See, e.g.*, *Foy v. United States*, 6:14-CV-3465-MDH (W.D. Mo. Oct. 20, 2014).  Many of Foy's documents filed in that district are similar to those filed in this case.  *See id*.  The transfer of this (largely unintelligible) petition for yet another inevitable denial by a different court serves neither Foy's interests nor the interests of judicial economy.

Because it plainly appears from Foy's habeas corpus petition that he is not entitled to relief, this Court recommends that his petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.      Petitioner Joaquin Foy's petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2.      Foy's motion to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3.      This action be DISMISSED.

Dated: April 14, 2015                          s/Leo I. Brisbois
                                               Leo I. Brisbois
                                               United States Magistrate Judge

**<u>NOTICE</u>**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 28, 2015, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.